IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 21, 2003

## STATE OF TENNESSEE v. SUSAN SOPHIA MCDANIEL

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 6513     Leon C. Burns, Jr., Judge**

**No. E2002-02469-CCA-R3-CD**
**June 19, 2003**

In this direct appeal, the defendant argues the evidence was insufficient to support the jury's verdict convicting her of theft over $1,000. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined. JAMES CURWOOD WITT, JR., J., filed a concurring opinion.

Gregory D. Smith, Clarksville, Tennessee (on appeal); David Neal Brady, District Public Defender; and Joe L. Finley, Jr., Assistant District Public Defender (on appeal and at trial), for the appellant, Susan Sophia McDaniel.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; William Edward Gibson, District Attorney General; and Gary McKenzie, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 19, 2001, the defendant purchased a riding lawn mower. On August 23rd, she returned to the store purportedly with the same mower, which she exchanged for a new one. A store employee testified the lawn mower exchanged by the defendant was not a new lawn mower and was not the same mower she purchased on August 19th. The jury convicted the defendant of theft over $1,000. The defendant argues the proof at trial was insufficient to establish she committed theft.

### SUFFICIENCY OF THE EVIDENCE - STANDARD OF REVIEW

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view

of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

## PROOF AT TRIAL

Ralph Butler, a sales clerk at the Wal-Mart store in Crossville, Tennessee, testified that on August 19, 2001, he helped the defendant load a new riding lawn mower she had just purchased. Butler stated he recorded the lawn mower's identification number in a ledger book.

Wal-Mart garden center manager, Sheri Beaty, testified that when the store receives riding lawn mowers from the factory, store employees engrave identical identification numbers in two locations under the seat of each mower. Beaty stated one set of numbers was in plain sight, and a second set was hidden in a location known only to Wal-Mart employees.

Beaty stated that on August 24th, she examined the lawn mower the defendant returned the previous day. Beaty stated it was marked with the same numbers assigned to the defendant's mower; however, the second hidden set of numbers, which should have been engraved beneath the seat, was missing.

Beaty further opined "there is no way" the mower had been used only four days. Beaty testified that the back of the seat, which was rusted, was painted with a different shade of paint. According to Beaty, the gas tanks on new lawn mowers were a bright white color; however, the gas tank on the mower she examined had turned "almost a gold color" from holding gasoline for "quite some time." Beaty testified a new lawn mower has a serial number plate affixed with pop-rivets to the engine; however, the engine of the mower brought in by the defendant bore a serial number plate attached with rusted screws. She stated bolts were missing from the mower's deck, and various parts of the mower showed rust and signs of excessive wear.

Beaty noted that, in contrast to the signs of wear appearing elsewhere on the mower, the returned mower's hood appeared to be new. Beaty testified there was advertising material still attached to the hood, and the lawn mower could not have been used with the material attached. She stated there was also advertising material attached to the mower's seat. Beaty testified the value of the new lawn mower was $1,249. According to Beaty, Wal-Mart would have allowed an exchange or refund within forty-five days with a sales receipt.

The defendant testified that after she purchased a lawn mower from Wal-Mart on August 19th, she used it several different times for a total of approximately seven hours. She stated she returned the mower on August 23rd after it would not start. According to the defendant, she stored the mower outside, but did not notice rust on the lawn mower she returned. She denied misleading Wal-Mart, and said she did not return the "worn out" lawn mower examined by Beaty. She stated she did not know why the serial number from the mower she purchased was found on the mower Beaty examined. Carolyn Pitts, the defendant's friend and roommate, testified she was with the defendant when she purchased and returned the lawn mower. Pitts stated the lawn mower returned by the defendant was not old or rusted.

## ANALYSIS

The defendant argues the evidence was not sufficient to convict her because she denied her guilt at trial; Carolyn Pitts confirmed her testimony; the proof showed Wal-Mart employees accepted the mower without question; and there was a delay between the time the defendant returned the mower and when Beaty examined it. The arguments presented by the defendant go to the weight and credibility of the evidence rather than its sufficiency. The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. Brewer, 932 S.W.2d at 19.

A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent. Tenn. Code Ann. § 39-14-103. There is no dispute the defendant purchased a new lawn mower from Wal-Mart, and then, five days later, conducted an exchange. According to the testimony of Sheri Beaty, the lawn mower exchanged by the defendant showed signs of wear beyond that expected in a mower used for only five days. Further, Beaty's testimony indicated the mower had been altered to appear new. Beaty stated the mower had a new hood, had been painted, had advertising material attached to it, and bore the identification number assigned to the new mower purchased by the defendant. Further, the serial number plate appeared to have been attached with rusted screws. Viewing the proof in the light most favorable to the state, this evidence established the defendant deceptively exchanged an older, used lawn mower for a new one valued at $1,249, and was sufficient to support the defendant's conviction for theft over $1,000.[1] Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE

---

[1]The defendant does not argue that the state failed to establish that the theft was over $1,000, thus making the offense a Class D felony. *See* Tenn. Code Ann. § 39-14-105(3). Nevertheless, we briefly note the following. Theft offenses "are punished according to the value of the property or services obtained." *Id.*, Sentencing Commission Comments; *see also id.* § 39-11-106(a)(36) (setting forth the method of ascertaining the "value" of the property at the time of the offense). Here, the used mower fraudulently exchanged is not to be considered in determining the grade of the theft from Wal-Mart.